EXHIBIT 2



1 | Michael R. Reese (State Bar No. 206773)
*mreese@reesellp.com*
2 | George V. Granade (State Bar No. 316050)
*ggranade@reesellp.com*
3 | **REESE LLP**
100 West 93rd Street, 16th Floor
4 | New York, New York 10025
Telephone: (212) 643-0500
5 | Facsimile: (212) 253-4272

6 | David A. Carroll
*dcarroll@rrsc-law.com*
7 | Anthony J. DiRaimondo
*adiraimondo@rrsc-law.com*
8 | Robert E. Opdyke
*ropdyke@rrsc-law.com*
9 | **RICE REUTHER SULLIVAN & CARROLL, LLP**
3800 Howard Hughes Parkway, Suite 1200
10 | Las Vegas, Nevada 89169
Telephone: (702) 732-9099
11 | Facsimile: (702) 732-7110

12 | *Counsel for Plaintiffs ~~Steve Kramer and~~ David Kent Greenley*
*and the Proposed Class*

13 |

> **Formatted:** Spanish (Spain)

14 |

15 | **UNITED STATES DISTRICT COURT**

16 | **SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION**
~~SUPERIOR COURT FOR THE STATE OF CALIFORNIA~~

17 | ~~FOR THE COUNTY OF SAN DIEGO~~

18 |

19 | ~~STEVE KRAMER and~~ DAVID KENT GREENLEY, *individually and on behalf of all others similarly situated,*

20 |

21 | Plaintiffs,

22 | v.

23 | AVIS BUDGET GROUP, INC., *a Delaware and New Jersey corporation,*

24 | Defendant.

Case No.: 3:19-cv-00421-GPC-NLS~~Case No.~~

**SECOND** AMENDED CLASS ACTION COMPLAINT

**1. Violation of CAL. CONST. art. I, § 1
2. Violation of California's Rental Passenger Vehicle Transactions Law, CAL. CIV. CODE § 1939.01 *et seq.***

**DEMAND FOR JURY TRIAL**

25 |

26 |

27 |

28 |

1

SECOND AMENDED CLASS ACTION COMPLAINT

1    Plaintiff~~s~~ ~~Steve Kramer and~~ David Kent Greenley (~~together,~~ "Plaintiff~~s~~"), individually and

2    on behalf of all others similarly situated (the "Class," as defined below), by and through

3    undersigned counsel, bring this Amended Class Action Complaint against Defendant Avis Budget

4    Group, Inc. ("Defendant" or "Avis"), and respectfully allege as follows. Plaintiff~~s~~ base~s~ the

5    allegations herein on personal knowledge as to matters related to, and known to, Plaintiff~~s~~. As to

6    all other matters, Plaintiff~~s~~ base~s~ the allegations herein on information and belief, through

7    investigation of Plaintiff~~s~~'s' counsel. Plaintiff~~s~~ believe~s~ substantial evidentiary support exists for

8    the allegations set forth herein and seek a reasonable opportunity for discovery.

9                                **NATURE OF THE ACTION**

10    1.    This is a proposed class action against Defendant for failing to promulgate or

11    maintain adequate policies and procedures to safeguard the "Private Data" (defined below) of

12    consumers, including the Class members, who rented vehicles on a short-term basis from Avis

13    Rent a Car, Budget Rent a Car, ~~Zipcar,~~ and Payless Car Rental and who paired their smartphones

14    or mobile devices (collectively, the "Devices") with the vehicles' GPS technology and/or

15    automotive infotainment systems[1] (collectively, the "Rental Technology") during the period from

16    December 31, 2015, to the present.

17    2.    When a consumer pairs their Device with the Rental Technology, the Rental

18    Technology has the capability to collect private and sensitive personal information/data on the

19    Device and store it on the Rental Technology.

20    3.    The private and sensitive personal information/data subject to collection and

21    storage by the Rental Technology includes, but is not limited to:

22         •    GPS history of past locations and points of interest;

23         •    Device name / phone identifier;

24         •    Personal information (including home address, if available);

25         •    Contacts and address book;

26    _____

27    [1] "Infotainment system" refers to hardware and software in a vehicle that provides a combination of entertainment, communications, and information content to the driver or passengers. Most

28    infotainment systems are now controlled via a touch-sensitive display in the screen of the dashboard.

- Calendar entries;
- Internet search history and web browsing data;
- Call log or text/data messages if the consumer uses hands-free calling or texting;
- Other personal communications including email and social networking communications;
- Application log-in information, including music streaming log-in (such as Spotify or Pandora);
- Choice of music, radio, and other streamed audio or video content; and/or
- Wi-Fi identifiers (such as mac address, DNS data, and leases such as DHCP)

(collectively, the "Private Data").

4.    Despite performing other routine maintenance to short-term rental vehicles when consumers return them to Avis (e.g., refueling, vacuuming, and washing), Avis has refused to conduct routine data clearing/deletion of Private Data from the Rental Technology.

5.    As a result, when a consumer returns a rental vehicle to Defendant at the conclusion of a short-term rental, the returned vehicle is placed back into rental circulation with the consumer's Private Data accessible to, and available for misuse by, subsequent users of the vehicle.

6.    Additionally, Defendant has failed to make adequate disclosures to consumers including the Class members that the Rental Technology featured in its short-term rental vehicles will collect and indefinitely store the Private Data from their Devices.

7.    Plaintiffs now bring this action to stop Defendant's unlawful practices, seeking injunctive and monetary relief and such additional relief as the Court may deem just and proper.

AMENDED CLASS ACTION COMPLAINT

**PARTIES**

~~**Plaintiff Steve Kramer**~~

~~8.    Plaintiff Steve Kramer is a resident of San Diego, California, and he has no intention of changing his residence.~~

> **Formatted:** No bullets or numbering, Keep with next, Keep lines together

**Plaintiff David Kent Greenley**

~~9.~~8.    Plaintiff David Kent Greenley is a resident of Burbank, California.

~~10.~~9.    Mr. Greenley routinely travels throughout the continental United States.

~~11.~~10.    Mr. Greenley rents from Avis Rent a Car or Budget Rent a Car around 25 times (or more) per year throughout the country.

~~12.~~11.    During the period between December 31, 2015, and the present, Mr. Greenley obtained numerous short-term rental vehicles from Defendant.

~~13.~~12.    During the rental periods for the vehicles, Mr. Greenley paired his Bluetooth Device with the vehicles' Rental Technology.

~~14.~~13.    Because Mr. Greenley paired his Device with the Rental Technology, the Rental Technology collected and stored Mr. Greenley's Private Data.

~~15.~~14.    On information and belief, Defendant did not delete Mr. Greenley's Private Data from the Rental Technology when Mr. Greenley returned the rental vehicles to Defendant at the conclusion of the rental periods.

~~16.~~15.    On information and belief, Defendant to this day has not yet deleted Mr. Greenley's Private Data from the Rental Technology on the vehicles Mr. Greenley rented from Defendant.

**Defendant Avis Budget Group, Inc.**

~~17.~~16.    Avis Budget Group, Inc., is corporation organized under the laws of Delaware.

~~18.~~17.    Avis Budget Group, Inc.'s principal place of business is located at 6 Sylvan Way, Parsippany, New Jersey 07054.

~~19.~~18.    Avis Budget Group, Inc., is the parent company of the car rental companies Avis Rent a Car, Budget Rent a Car, ~~Zipcar,~~ and Payless Car Rental.

~~20.~~19.    Defendant regularly transacts business in the State of California, including by marketing, distributing, and delivering short-term rental vehicles and related services to

4

1  consumers, including California residents.

2  **JURISDICTION AND VENUE**

3  **Jurisdiction**

4  ~~21.~~ 20.  This Court has personal jurisdiction over Defendant for reasons including but not

5  limited to the following: Plaintiff Greenley's claims against Defendant arise out of its conduct

6  within the State of California, including but not limited to renting a short-term rental vehicle to

7  Plaintiff Greenley and failing to delete Plaintiff Greenley's Private Data from the vehicle's Rental

8  Technology. Furthermore, Defendant purposefully avails itself of the privilege of conducting

9  business activities within the territorial boundaries of the State of California, including by

10  marketing, distributing, and delivering short-term rental vehicles and related services to

11  consumers, including California residents, thus invoking the benefits and protections of the laws

12  of California, and such activities render it foreseeable that Defendant may be haled into court in

13  this jurisdiction. Thus, Defendant has sufficient minimum contacts with the State of California that

14  maintenance of this action in this Court does not offend traditional notions of fair play and

15  substantial justice.

16  **Venue**

17  ~~22.~~ 21.  Venue is proper in the County of San Diego, California, as the actions and harms

18  alleged herein occurred, in part, in the County of San Diego.

19  **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

20  ~~23.~~ 22.  Defendant's rental car companies, Avis Rent a Car, Budget Rent a Car, ~~Zipcar,~~ and

21  Payless Car Rental, are leading companies in the rental car industry, which in the United States

22  alone grossed $28.63 billion in revenue during 2017.

23  ~~24.~~ 23.  Defendant's short-term rental vehicles include Rental Technology (i.e., GPS

24  technology and/or automotive infotainment systems), which is available for use by the consumer.

25  ~~25.~~ 24.  Defendant's Rental Technology has the capability to electronically connect, sync,

26  or "pair" with the consumer's Device, which gives the consumer access to various telephone, data,

27  and multimedia functions of the Rental Technology, including voice dialing, text/data messaging,

28  location-based services, social media, and music streaming.

26.25.  The pairing process is generally facilitated through USB cables and/or Bluetooth technologies.

27.26.  Once paired with the Rental Technology, the consumer's Device connects with the Rental Technology every time it enters the vehicle.

28.27.  Once a consumer's Device is paired with the vehicle's Rental Technology, calls can be automatically transferred between the Device and the vehicle seamlessly, downloading or uploading preferences, contacts, calendar data, and other content from the Device.

29.28.  Furthermore, once a consumer's Device is paired with the Rental Technology, voice commands can be used to make calls, play music, and operate the Rental Technology in other ways.

30.29.  As a result of the pairing between the consumer's Device and the Rental Technology, Private Data available on the consumer's Device is collected by, copied to, and/or transferred to the Rental Technology.

31.30.  Following its collection, the Private Data is continuously stored on the Rental Technology unless purged through a manual deletion (often referred to as a "factory reset").

32.31.  Defendant has either (a) failed to provide explicit notice/disclosure to consumers, including the Class members, advising them about the collection and indefinite storage of their Private Data by the Rental Technology in its short-term rental vehicles; or (b) provided consumers, including the Class members, with inadequate notice/disclosure, including through unclear warnings or buried "small print" terms.

33.32.  Furthermore, Defendant has failed to promulgate or otherwise maintain responsible policies and procedures associated with the Rental Technology's collection and storage of Private Data from the Devices of short-term rental vehicle users, including the Class members.

34.33.  Specifically, Defendant's policies and procedures do not include, or previously did not include, mandatory routine data clearing/deletion of Private Data from the Rental Technology upon the consumer returning the short-term rental vehicle at the conclusion of the rental term.

35.34.  Defendant's failure to perform such routine maintenance that would protect the consumer's Private Data is inconsistent with Defendant's other policies and procedures providing

1  for routine physical maintenance (e.g., refueling, vacuuming, and washing) upon a consumer's

2  return of the short-term rental vehicle at the conclusion of the rental term.

3      36.35.  Defendant has taken the position that it is solely the consumer's responsibility to

4  ensure removal of their Private Data from the Rental Technology pursuant to the system options

5  available in each vehicle.

6      37.36.  As a result, the short-term rental vehicle is returned into circulation with the

7  consumer's Private Data exposed and available for misuse by subsequent users of the vehicle,

8  including, for example, identity thieves.

9      38.37.  There are substantial privacy risks associated with allowing a consumer's Private

10  Data to remain on the Rental Technology after the consumer has returned the short-term rental

11  vehicle to Defendant at the conclusion of the rental period.

12      39.38.  For example, using just a phone identifier, it is possible to link a rental vehicle

13  user's Private Data to other information held regarding the user such as their social media account.

14  Letter from ANCE et al. to Enterprise Rent-A-Car, Alamo Rent A Car, and National Car Rental

15  (Dec. 6, 2017), *available at* https://goo.gl/sPWPRL. In Baltimore, a car owner tracked down

16  teenagers who took his car for a joy ride using the phone device names that had been paired with

17  the owners' Jeep's Connect system, together with searching Instagram. *Id.*

18                    **CLASS ACTION ALLEGATIONS**

19      40.39.  Pursuant to section 382 of the California Code of Civil Procedure, Plaintiff

20  Greenley brings this action on behalf of the following proposed class:

21      **The Class.** (1) All California residents who, during the period from December 31,
        2015, until the date of class certification, rented a vehicle from Avis Rent a Car,
22      Budget Rent a Car, ~~Zipcar,~~ and Payless Car Rental on a short-term basis and who
        paired their Devices with the vehicle's Rental Technology, and (2) all residents of
23      states other than California who, during the period from December 31, 2015, until
        the date of class certification, rented a vehicle within the State of California from
24      Avis Rent a Car, and Budget Rent a Car, ~~Zipcar,~~ and Payless Car Rental on a short-term
        basis and who paired their Devices with the vehicle's Rental Technology.

25      Excluded from the Class are: (a) Defendant, Defendant's board members,
26      executive-level officers, and attorneys, and immediately family members of any of
        the foregoing persons; (b) governmental entities; (c) the Court, the Court's
27      immediate family, and the Court staff; and (d) any person that timely and properly
        excludes himself or herself from the Class in accordance with Court-approved
28      procedures.

AMENDED CLASS ACTION COMPLAINT

41.40.  Plaintiff Greenley reserves the right to alter the Class definition as he deems necessary at any time to the full extent that applicable law allows.

42.41.  Certification of Plaintiff Greenley's claims for class-wide treatment is appropriate because Plaintiff Greenley can prove the elements of the claims on a class-wide basis using the same evidence as individual Class members would use to prove those elements in individual actions alleging the same claims.

43.42.  Numerosity. The size of the Class is so large that joinder of all Class members is impracticable. Due to the nature of Defendant's business, Plaintiff Greenley believes there are at least thousands of Class members geographically dispersed throughout California.

44.43.  Well-Defined Community of Interest. As further alleged below, there is a well-defined community of interest with respect to the Class, since there are (1) predominant common questions of law or fact; (2) a Class representative with claims or defenses typical of the Class; and (3) a Class representative who can adequately represent the Class.

45.44.  Existence and Predominance of Common Questions of Law and Fact. There are questions of law and fact common to the Class. These questions predominate over any questions affecting only individual Class members.

46.45.  Questions of law and fact common to the Class members that predominate over questions that may affect individual Class members include but are not limited to:

    a.    whether Defendant adequately disclosed to the Class members that the Rental Technology would collect and indefinitely store their Private Data;

    b.    whether Defendant adequately disclosed to the Class members that Defendant would not delete their Private Data from the Rental Technology after they had returned their rental vehicles to Defendant;

    c.    whether Defendant injured the Class members by failing to delete their Private Data from the Rental Technology after the Class members had returned their rental vehicles to Defendant;

    d.    whether the Class members are entitled to any form of monetary relief; and

    e.    whether the Class members are entitled to any form of equitable relief, including but not limited to injunctive relief and equitable monetary relief.

47.46.  Defendant engaged in a common course of conduct in contravention of the law

1    Plaintiff Greenley seeks to enforce individually and on behalf of the Class members. Similar or
2    identical legal violations, business practices, and injuries are involved. Individual questions, if any,
3    pale by comparison, in both quality and quantity, to the numerous common questions that dominate
4    this action. Moreover, the common questions will yield common answers.

5    48. 47. Typicality. Plaintiff Greenley's claims are typical of the claims of the Class
6    members because Defendant injured Plaintiff Greenley and all Class members through the uniform
7    misconduct described herein; Plaintiff Greenley and all Class members rented vehicles on a short-
8    term basis from Defendant and paired their Devices with the Rental Technology on those vehicles;
9    and Plaintiff Greenley seeks the same relief as the Class members.

10    49. 48. Furthermore, there are no defenses available to Defendant that are unique to
11    Plaintiff Greenley.

12    50. 49. Adequacy of Representation. Plaintiff Greenley is a fair and adequate
13    representative of the Class because Plaintiff Greenley's interests do not conflict with the Class
14    members' interests.

15    51. 50. Plaintiff Greenley will prosecute this action vigorously and is highly motivated to
16    seek redress against Defendant.

17    52. 51. Furthermore, Plaintiff Greenley has selected competent counsel that are
18    experienced in class action and other complex litigation.

19    53. 52. Plaintiff Greenley and his counsel are committed to prosecuting this action
20    vigorously on behalf of the Class and have the resources to do so.

21    54. 53. Injunctive or Declaratory Relief. Defendant has acted or refused to act on grounds
22    generally applicable to the Class, thereby making appropriate final injunctive relief or
23    corresponding declaratory relief with respect to the Class as a whole.

24    55. 54. Superiority. The class action mechanism is superior to other available means for
25    the fair and efficient adjudication of this controversy for reasons including but not limited to the
26    following:

27        a.    The damages individual Class members suffered are small compared to the
28              burden and expense of individual prosecution of the complex and extensive
                litigation needed to address Defendant's conduct.

9
AMENDED CLASS ACTION COMPLAINT

b.  Furthermore, it would be virtually impossible for the Class members individually to redress effectively the wrongs done to them. Even if Class members themselves could afford such individual litigation, the court system could not. Individualized litigation would unnecessarily increase the delay and expense to all parties and to the court system and presents a potential for inconsistent or contradictory rulings and judgments. By contrast, the class action device presents far fewer management difficulties, allows the hearing of claims which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

c.  The prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Defendant.

d.  The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications or that would substantively impair or impede their ability to protect their interests.

~~56.~~ 55. **Notice.** Plaintiff Greenley and his counsel anticipate that notice to the proposed Class will be effectuated through recognized, Court-approved notice dissemination methods, which may include United States mail, electronic mail, Internet postings, and/or published notice.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Violation of Article I, Section 1, of the California Constitution**

**On Behalf of the Class**

~~57.~~ 56.  Plaintiffs repeat each and every allegation contained in the paragraphs above and incorporate such allegations by reference herein.

~~58.~~ 57.  Plaintiffs bring this cause of action for violation of article I, section 1, of the California Constitution. Plaintiff Greenley brings this cause of action on behalf of the Class.

~~59.~~ 58.  Article I, section 1, of the California Constitution states:

All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy.

CAL. CONST. art. I, § 1.

~~60.~~ 59.  The right of privacy set forth in article I, section 1, of the California Constitution

10

AMENDED CLASS ACTION COMPLAINT

1    prevents business interests from stockpiling unnecessary information about California citizens.

2        61.60.   An "informational privacy" interest is an interest in precluding the dissemination

3    or misuse of sensitive and confidential information.

4        62.61.   Informational privacy is a core value furthered by the right of privacy set forth in

5    article I, section 1, of the California Constitution.

6        63.62.   The Class members have a legally protected informational privacy interest in the

7    Private Data (including personal, confidential, and sensitive information) that the Rental

8    Technology collected and stored when the Class members paired their Devices with the Rental

9    Technology.

10       64.63.   The Class members reasonably expected that their Private Data (including personal,

11   confidential, and sensitive information) would be kept private after they had returned their rental

12   vehicles to Defendant.

13       65.64.   In engaging in the conduct set forth herein, Defendant has committed a serious

14   invasion of the Class members' privacy interests, including their informational privacy interests.

15   Defendant's conduct at issue, including but not limited to its failure to delete the Class members'

16   Private Data from the Rental Technology upon their return of the rental vehicles to Defendant at

17   the conclusion of the rental period, constitutes an egregious breach of the social norms underlying

18   the Class members' right to privacy.

19       66.65.   Defendant's Rental Technology gathered the Class members' sensitive Private

20   Data, and privacy safeguards for that Private Data are feasible, but Defendant's implementation of

21   those safeguards is slipshod or nonexistent. Defendant has not implemented a policy of deleting

22   consumers' Private Data from the Rental Technology upon the return of their rental vehicles to

23   Defendant at the conclusion of the rental period, even though it easily could do so and it already

24   has in place policies and procedures providing for routine maintenance (e.g., refueling, vacuuming,

25   and washing) upon a consumer's return of a short-term rental vehicle at the conclusion of the rental

26   term.

27       67.66.   Furthermore, Defendant's business objectives can be readily accomplished by

28   alternative means having little or no impact on privacy interests. Since Defendant routinely

AMENDED CLASS ACTION COMPLAINT

1    maintains rental vehicles (e.g., refueling, vacuuming, and washing), additionally deleting

2    consumers' Private Data by means of a factory reset during routine maintenance would impose

3    little or negligible cost on Defendant.

4    ~~68.~~ 67.  By the acts, transactions, and courses of conduct alleged herein, Defendant has

5    violated the Class members' inalienable right to privacy.

6    ~~69.~~ 68.  As a consequence, the Class members were personally injured and suffered

7    emotional distress damages. Furthermore, Defendant has been unjustly enriched, in part because

8    it would be against equity and good conscience to allow Defendant to retain the monies it obtained

9    from the Class members in connection with its violation of their privacy rights as described herein.

10    ~~70.~~ 69.  Plaintiffs seek injunctive relief, damages (including but not limited to consequential

11    damages and out-of-pocket costs of identity theft insurance and credit monitoring), equitable

12    monetary relief, and reasonable attorney's fees and costs.

13    ~~71.~~ 70.  Therefore, Plaintiffs pray for relief as set forth below.

14    <u>**SECOND CAUSE OF ACTION**</u>

15    **Violation of California's Rental Passenger Vehicle Transactions Law,**

16    **C<small>AL</small>. C<small>IV</small>. C<small>ODE</small> § 1939.01 *et seq.***

17    **On Behalf of the Class**

18    ~~72.~~ 71.  Plaintiffs repeat each and every allegation contained in the paragraphs above and

19    incorporate such allegations by reference herein.

20    ~~73.~~ 72.  Plaintiffs bring this cause of action for violation of California's Rental Passenger

21    Vehicle Transactions Law, C<small>AL</small>. C<small>IV</small>. C<small>ODE</small> § 1939.01 *et seq.* Plaintiff Greenley brings this cause

22    of action on behalf of the Class.

23    ~~74.~~ 73.  Under the Rental Passenger Vehicle Transactions Law, "electronic surveillance

24    technology" means:

25        a technological method or system used to observe, monitor, or collect information,
        including telematics, Global Positioning System (GPS), wireless technology, or
26        location-based technologies. "Electronic surveillance technology" does not include
        event data recorders (EDR), sensing and diagnostic modules (SDM), or other
27        systems that are used either:

28        (1) For the purpose of identifying, diagnosing, or monitoring functions

12

related to the potential need to repair, service, or perform maintenance on the rental vehicle.

(2) As part of the vehicle's airbag sensing and diagnostic system in order to capture safety systems-related data for retrieval after a crash has occurred or in the event that the collision sensors are activated to prepare the decisionmaking computer to make the determination to deploy or not to deploy the airbag.

CAL. CIV. CODE § 1939.01(h).

75.74.  The Rental Technology, as described above, is electronic surveillance technology under the Rental Passenger Vehicle Transactions Law because it is a technological method or system used to observe, monitor, or collect information, including but not limited to GPS.

76.75.  Pursuant to the Rental Passenger Vehicle Transactions Law:

A rental company shall not use, access, or obtain any information relating to the renter's use of the rental vehicle that was obtained using electronic surveillance technology, except in the following circumstances:

(1)(A) When the equipment is used by the rental company only for the purpose of locating a stolen, abandoned, or missing rental vehicle after one of the following:

(i) The renter or law enforcement has informed the rental company that the vehicle is missing or has been stolen or abandoned . . . [and in certain other identified circumstances] . . . [or]

(2) In response to a specific request from law enforcement pursuant to a subpoena or search warrant.

CAL. CIV. CODE § 1939.23.

77.76.  As detailed above, in violation of section 1939.23 of the Rental Passenger Vehicle Transactions Law, Defendant has obtained information relating to the Class members' use of its rental vehicles (i.e., Private Data) that was obtained using electronic surveillance technology (i.e., the Rental Technology).

78.77.  Pursuant to section 1939.29 of the Rental Passenger Vehicle Transactions Law, "[a] waiver of any of the provisions of [the Rental Passenger Vehicle Transactions Law], except for Sections 1939.21, 1939.35, and 1939.37, shall be void and unenforceable as contrary to public policy." CAL. CIV. CODE § 1939.29.

79.78.  Pursuant to section 1939.29, any terms and conditions or other provisions under

13

1  which Defendant could be said to have attempted to waive section 1939.23 are void and

2  unenforceable as contrary to public policy.

3  ~~80.~~79.  As a consequence of Defendant's violation of section 1939.23, the Class members

4  were personally injured and suffered emotional distress damages. Furthermore, Defendant has

5  been unjustly enriched, in part because it would be against equity and good conscience to allow

6  Defendant to retain the monies it obtained from the Class members in connection with its violation

7  of section 1939.23 as described herein.

8  ~~81.~~80.  Pursuant to section 1939.25 of the Rental Passenger Vehicle Transactions Law:

9  A renter may bring an action against a rental company for the recovery of damages
and appropriate equitable relief for a violation of this chapter, except for Sections
10 1939.21, 1939.35, and 1939.37. The prevailing party shall be entitled to recover
reasonable attorney's fees and costs.

11

12 CAL. CIV. CODE § 1939.25.

13 ~~82.~~81.  Plaintiffs bring this cause of action pursuant to 1939.25, seeking injunctive relief,

14 damages (including but not limited to consequential damages and out-of-pocket costs of identity

15 theft insurance and credit monitoring), equitable monetary relief, and reasonable attorney's fees

16 and costs.

17 ~~83.~~82.  Therefore, Plaintiffs pray for relief as set forth below.

18 **PRAYER FOR RELIEF**

19 WHEREFORE, Plaintiffs, individually and on behalf of the members of the Class,

20 respectfully request the Court to enter an Order:

21 A.  certifying the proposed Class under section 382 of the California Code of Civil

22 Procedure, as set forth above;

23 B.  declaring that Defendant is financially responsible for notifying the Class members

24 of the pendency of this suit;

25 C.  declaring that Defendant has committed the violations of law alleged herein;

26 D.  providing for any and all injunctive relief the Court deems appropriate;

27 E.  awarding monetary damages, including but not limited to any compensatory,

28 incidental, or consequential damages in an amount that the Court or jury will determine, in

14

AMENDED CLASS ACTION COMPLAINT

1   accordance with applicable law;

2       F.      providing for any and all equitable monetary relief the Court deems appropriate;

3       G.      awarding Plaintiffs reasonable costs and expenses of suit, including attorneys' fees;

4       H.      awarding pre- and post-judgment interest to the extent the law allows; and

5       I.      providing such further relief as this Court may deem just and proper.

6                                   **DEMAND FOR JURY TRIAL**

7       Plaintiffs hereby demand a trial by jury.

8

9   Date: ~~January 24~~_____, 2019          Respectfully submitted,

10                                               **REESE LLP**

11                                   By:  /s/ Michael R. Reese
                                         Michael R. Reese (State Bar No. 206773)

12                                       *mreese@reesellp.com*
                                         George V. Granade (State Bar No. 316050)

13                                       *ggranade@reesellp.com*
                                         100 West 93rd Street, 16th Floor

14                                       New York, New York  10025
                                         Telephone: (212) 643-0500

15                                       Facsimile: (212) 253-4272

16                                       **RICE REUTHER SULLIVAN &
                                         CARROLL, LLP**

17                                       David A. Carroll (*pro hac vice* forthcoming)

18                                       *dcarroll@rrsc-law.com*
                                         Anthony J. DiRaimondo (*pro hac vice*

19                                       forthcoming)
                                         *adiraimondo@rrsc-law.com*

20                                       Robert E. Opdyke (*pro hac vice* forthcoming)
                                         *ropdyke@rrsc-law.com*

21                                       3800 Howard Hughes Parkway, Suite 1200
                                         Las Vegas, Nevada 89169

22                                       Telephone: (702) 732-9099
                                         Facsimile: (702) 732-7110

23                                       *Counsel for Plaintiffs ~~Steve Kramer and~~
                                         David Kent Greenley and the Proposed Class*

24

25

26

27

28



Formatted: Spanish (Spain)