EXHIBIT 2



Michael R. Reese (State Bar No. 206773)
mreese@reesellp.com
George V. Granade (State Bar No. 316050)
ggranade@reesellp.com
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York  10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

~~David A. Carroll~~
~~dcarroll@rrsc-law.com~~
Anthony J. DiRaimondo (admitted *pro hac vice*)
adiraimondo@rrsc-law.com
~~Robert E. Opdyke~~
~~ropdyke@rrsc-law.com~~
**RICE REUTHER SULLIVAN & CARROLL, LLP**
3800 Howard Hughes Parkway, Suite 1200
Las Vegas, Nevada  89169
Telephone: (702) 732-9099
Facsimile: (702) 732-7110

*Counsel for Plaintiff David Kent Greenley*
*and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**SAN DIEGO DIVISION**

| | |
|---|---|
| DAVID KENT GREENLEY, *individually and on behalf of all others similarly situated*, | Case No.: 3:19-cv-00421-GPC-NLS |
| Plaintiff, | ~~SECOND~~ THIRD AMENDED CLASS ACTION COMPLAINT |
| v. | **1. Violation of CAL. CONST. art. I, § 1** |
| AVIS BUDGET GROUP, INC., *a Delaware and New Jersey corporation*, | **2. Violation of California's Rental Passenger Vehicle Transactions Law, CAL. CIV. CODE § 1939.01 *et seq.*** |
| Defendant. | **3. Violation of California's Unfair Competition Law, CAL. BUS. & PROF. CODE § 17200 *et seq.*** |
| | **DEMAND FOR JURY TRIAL** |

1

~~SECOND~~ THIRD AMENDED CLASS ACTION COMPLAINT



Formatted: Font: 14 pt

1   Plaintiff David Kent Greenley ("Plaintiff"), individually and on behalf of all
2   others similarly situated (the "Class," as defined below), by and through undersigned
3   counsel, brings this Third Amended Class Action Complaint against Defendant Avis
4   Budget Group, Inc. ("Defendant" or "Avis"), and respectfully alleges as follows.
5   Plaintiff bases the allegations herein on personal knowledge as to matters related to,
6   and known to, Plaintiff. As to all other matters, Plaintiff bases the allegations herein
7   on information and belief, through investigation of Plaintiffs' counsel. Plaintiff
8   believes substantial evidentiary support exists for the allegations set forth herein and
9   seek a reasonable opportunity for discovery.

10   **NATURE OF THE ACTION**

11   1.   This is a proposed class action against Defendant for failing to
12   promulgate or maintain adequate policies and procedures to safeguard the "Private
13   Data" (defined below) of consumers, including the Class members, who rented
14   vehicles on a short-term basis from Avis Rent a Car, Budget Rent a Car, and Payless
15   Car Rental and who paired their smartphones or mobile devices (collectively, the
16   "Devices") with the vehicles' GPS technology and/or automotive infotainment
17   systems[1] (collectively, the "Rental Technology") during the period from December
18   31, 20152014, to the present.

19   2.   When a consumer pairs their Device with the Rental Technology, the
20   Rental Technology has the capability to collect private and sensitive personal
21   information/data on the Device and store it on the Rental Technology.

22   3.   The private and sensitive personal information/data subject to
23   collection and storage by the Rental Technology includes, but is not limited to:

24   • GPS history of past locations and points of interest;

---

[1] "Infotainment system" refers to hardware and software in a vehicle that provides a combination of entertainment, communications, and information content to the driver or passengers. Most infotainment systems are now controlled via a touch-sensitive display in the screen of the dashboard.

28   2   Case No. 19cv0421
THIRD AMENDED CLASS ACTION COMPLAINT

- Device name / phone identifier;
- Personal information (including home address, if available);
- Contacts and address book;
- Calendar entries;
- Internet search history and web browsing data;
- Call log or text/data messages if the consumer uses hands-free calling or texting;
- Other personal communications including email and social networking communications;
- Application log-in information, including music streaming log-in (such as Spotify or Pandora);
- Choice of music, radio, and other streamed audio or video content; and/or
- Wi-Fi identifiers (such as mac address, DNS data, and leases such as DHCP)

(collectively, the "Private Data").

4.  Despite performing other routine maintenance to short-term rental vehicles when consumers return them to Avis (e.g., refueling, vacuuming, and washing), Avis has refused to conduct routine data clearing/deletion of Private Data from the Rental Technology.

5.  As a result, when a consumer returns a rental vehicle to Defendant at the conclusion of a short-term rental, the returned vehicle is placed back into rental circulation with the consumer's Private Data accessible to, and available for misuse by, subsequent users of the vehicle.

6.  Additionally, Defendant has failed to make adequate disclosures to consumers including the Class members that the Rental Technology featured in its short-term rental vehicles will collect and indefinitely store the Private Data from

3                           Case No. 19cv0421

their Devices.

7.    Plaintiffs now bring this action to stop Defendant's unlawful practices, seeking injunctive and monetary relief and such additional relief as the Court may deem just and proper.

**PARTIES**

**Plaintiff David Kent Greenley**

8.    Plaintiff David Kent Greenley is a resident of Burbank, California.

9.    Mr. Greenley routinely travels throughout the continental United States.

10.    Mr. Greenley rents from Avis Rent a Car or Budget Rent a Car around 25 times (or more) per year throughout the country.

11.    During the period between December 31, 20142015, and the present, Mr. Greenley obtained numerous short-term rental vehicles from Defendant.

12.    During the rental periods for the vehicles, Mr. Greenley paired his Bluetooth Device with the vehicles' Rental Technology.

13.    Because Mr. Greenley paired his Device with the Rental Technology, the Rental Technology collected and stored Mr. Greenley's Private Data.

14.    On information and belief, Defendant did not delete Mr. Greenley's Private Data from the Rental Technology when Mr. Greenley returned the rental vehicles to Defendant at the conclusion of the rental periods.

15.    On information and belief, Defendant to this day has not yet deleted Mr. Greenley's Private Data from the Rental Technology on the vehicles Mr. Greenley rented from Defendant.

**Defendant Avis Budget Group, Inc.**

16.    Avis Budget Group, Inc., is corporation organized under the laws of Delaware.

4                                                     Case No. 19cv0421

THIRD AMENDED CLASS ACTION COMPLAINT

1    17.    Avis Budget Group, Inc.'s principal place of business is located at 6
2    Sylvan Way, Parsippany, New Jersey 07054.

3    18.    Avis Budget Group, Inc., is the parent company of the car rental
4    companies Avis Rent a Car, Budget Rent a Car, and Payless Car Rental.

5    19.    Defendant regularly transacts business in the State of California,
6    including by marketing, distributing, and delivering short-term rental vehicles and
7    related services to consumers, including California residents.

8                          **JURISDICTION AND VENUE**

9                          **Jurisdiction**

10    20.    This Court has personal jurisdiction over Defendant for reasons
11    including but not limited to the following: Plaintiff Greenley's claims against
12    Defendant arise out of its conduct within the State of California, including but not
13    limited to renting a short-term rental vehicle to Plaintiff Greenley and failing to
14    delete Plaintiff Greenley's Private Data from the vehicle's Rental Technology.
15    Furthermore, Defendant purposefully avails itself of the privilege of conducting
16    business activities within the territorial boundaries of the State of California,
17    including by marketing, distributing, and delivering short-term rental vehicles and
18    related services to consumers, including California residents, thus invoking the
19    benefits and protections of the laws of California, and such activities render it
20    foreseeable that Defendant may be haled into court in this jurisdiction. Thus,
21    Defendant has sufficient minimum contacts with the State of California that
22    maintenance of this action in this Court does not offend traditional notions of fair
23    play and substantial justice.

24                          **Venue**

25    21.    Venue is proper in the County of San Diego, California, as the actions
26    and harms alleged herein occurred, in part, in the County of San Diego.

27

28

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

22.     Defendant's rental car companies, Avis Rent a Car, Budget Rent a Car, and Payless Car Rental, are leading companies in the rental car industry, which in the United States alone grossed $28.63 billion in revenue during 2017.

23.     Defendant's short-term rental vehicles include Rental Technology (i.e., GPS technology and/or automotive infotainment systems), which is available for use by the consumer.

24.     Defendant's Rental Technology has the capability to electronically connect, sync, or "pair" with the consumer's Device, which gives the consumer access to various telephone, data, and multimedia functions of the Rental Technology, including voice dialing, text/data messaging, location-based services, social media, and music streaming.

25.     The pairing process is generally facilitated through USB cables and/or Bluetooth technologies.

26.     Once paired with the Rental Technology, the consumer's Device connects with the Rental Technology every time it enters the vehicle.

27.     Once a consumer's Device is paired with the vehicle's Rental Technology, calls can be automatically transferred between the Device and the vehicle seamlessly, downloading or uploading preferences, contacts, calendar data, and other content from the Device.

28.     Furthermore, once a consumer's Device is paired with the Rental Technology, voice commands can be used to make calls, play music, and operate the Rental Technology in other ways.

29.     As a result of the pairing between the consumer's Device and the Rental Technology, Private Data available on the consumer's Device is collected by, copied to, and/or transferred to the Rental Technology.

30.     Following its collection, the Private Data is continuously stored on the

1 Rental Technology unless purged through a manual deletion (often referred to as a
2 "factory reset").

3     31.    Defendant has either (a) failed to provide explicit notice/disclosure to
4 consumers, including the Class members, advising them about the collection and
5 indefinite storage of their Private Data by the Rental Technology in its short-term
6 rental vehicles; or (b) provided consumers, including the Class members, with
7 inadequate notice/disclosure, including through unclear warnings or buried "small
8 print" terms.

9     32.    Furthermore, Defendant has failed to promulgate or otherwise maintain
10 responsible policies and procedures associated with the Rental Technology's
11 collection and storage of Private Data from the Devices of short-term rental vehicle
12 users, including the Class members.

13     33.    Specifically, Defendant's policies and procedures do not include, or
14 previously did not include, mandatory routine data clearing/deletion of Private Data
15 from the Rental Technology upon the consumer returning the short-term rental
16 vehicle at the conclusion of the rental term.

17     34.    Defendant's failure to perform such routine maintenance that would
18 protect the consumer's Private Data is inconsistent with Defendant's other policies
19 and procedures providing for routine physical maintenance (e.g., refueling,
20 vacuuming, and washing) upon a consumer's return of the short-term rental vehicle
21 at the conclusion of the rental term.

22     35.    Defendant has taken the position that it is solely the consumer's
23 responsibility to ensure removal of their Private Data from the Rental Technology
24 pursuant to the system options available in each vehicle.

25     36.    As a result, the short-term rental vehicle is returned into circulation with
26 the consumer's Private Data exposed and available for misuse by subsequent users
27 of the vehicle, including, for example, identity thieves.

28

37.   There are substantial privacy risks associated with allowing a consumer's Private Data to remain on the Rental Technology after the consumer has returned the short-term rental vehicle to Defendant at the conclusion of the rental period.

38.   For example, using just a phone identifier, it is possible to link a rental vehicle user's Private Data to other information held regarding the user such as their social media account. Letter from ANCE et al. to Enterprise Rent-A-Car, Alamo Rent A Car, and National Car Rental (Dec. 6, 2017), *available at* https://goo.gl/sPWPRL. In Baltimore, a car owner tracked down teenagers who took his car for a joy ride using the phone device names that had been paired with the owners' Jeep's Connect system, together with searching Instagram. *Id.*

<strong><u>CLASS ACTION ALLEGATIONS</u></strong>

39.   Pursuant to section 382 of the California Code of Civil Procedure, Plaintiff Greenley brings this action on behalf of the following proposed class:

**The Class.** (1) All California residents who, during the period from December 31, 2014~~2015~~, until the date of class certification, rented a vehicle from Avis Rent a Car, Budget Rent a Car, and Payless Car Rental on a short-term basis and who paired their Devices with the vehicle's Rental Technology, and (2) all residents of states other than California who, during the period from December 31, 2014~~2015~~, until the date of class certification, rented a vehicle within the State of California from Avis Rent a Car, Budget Rent a Car, and Payless Car Rental on a short-term basis and who paired their Devices with the vehicle's Rental Technology.

Excluded from the Class are: (a) Defendant, Defendant's board members, executive-level officers, and attorneys, and immediately family members of any of the foregoing persons; (b) governmental entities; (c) the Court, the Court's immediate family, and the Court staff; and (d) any person that timely and properly excludes himself or herself from the Class in accordance with Court-approved procedures.

40.   Plaintiff Greenley reserves the right to alter the Class definition as he deems necessary at any time to the full extent that applicable law allows.

41.   Certification of Plaintiff Greenley's claims for class-wide treatment is appropriate because Plaintiff Greenley can prove the elements of the claims on a

class-wide basis using the same evidence as individual Class members would use to prove those elements in individual actions alleging the same claims.

42. _Numerosity._ The size of the Class is so large that joinder of all Class members is impracticable. Due to the nature of Defendant's business, Plaintiff Greenley believes there are at least thousands of Class members geographically dispersed throughout California.

43. _Well-Defined Community of Interest._ As further alleged below, there is a well-defined community of interest with respect to the Class, since there are (1) predominant common questions of law or fact; (2) a Class representative with claims or defenses typical of the Class; and (3) a Class representative who can adequately represent the Class.

44. _Existence and Predominance of Common Questions of Law and Fact._ There are questions of law and fact common to the Class. These questions predominate over any questions affecting only individual Class members.

45. Questions of law and fact common to the Class members that predominate over questions that may affect individual Class members include but are not limited to:

      a. whether Defendant adequately disclosed to the Class members that the Rental Technology would collect and indefinitely store their Private Data;

      b. whether Defendant adequately disclosed to the Class members that Defendant would not delete their Private Data from the Rental Technology after they had returned their rental vehicles to Defendant;

      c. whether Defendant injured the Class members by failing to delete their Private Data from the Rental Technology after the Class members had returned their rental vehicles to Defendant;

      d. whether the Class members are entitled to any form of monetary relief; and

      e. whether the Class members are entitled to any form of equitable relief, including but not limited to injunctive relief and equitable monetary relief.

46.    Defendant engaged in a common course of conduct in contravention of the law Plaintiff Greenley seeks to enforce individually and on behalf of the Class members. Similar or identical legal violations, business practices, and injuries are involved. Individual questions, if any, pale by comparison, in both quality and quantity, to the numerous common questions that dominate this action. Moreover, the common questions will yield common answers.

47.    <u>Typicality</u>. Plaintiff Greenley's claims are typical of the claims of the Class members because Defendant injured Plaintiff Greenley and all Class members through the uniform misconduct described herein; Plaintiff Greenley and all Class members rented vehicles on a short-term basis from Defendant and paired their Devices with the Rental Technology on those vehicles; and Plaintiff Greenley seeks the same relief as the Class members.

48.    Furthermore, there are no defenses available to Defendant that are unique to Plaintiff Greenley.

49.    <u>Adequacy of Representation</u>. Plaintiff Greenley is a fair and adequate representative of the Class because Plaintiff Greenley's interests do not conflict with the Class members' interests.

50.    Plaintiff Greenley will prosecute this action vigorously and is highly motivated to seek redress against Defendant.

51.    Furthermore, Plaintiff Greenley has selected competent counsel that are experienced in class action and other complex litigation.

52.    Plaintiff Greenley and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the resources to do so.

53.    <u>Injunctive or Declaratory Relief</u>. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a

1    whole.

2         54. _Superiority_. The class action mechanism is superior to other available

3    means for the fair and efficient adjudication of this controversy for reasons including

4    but not limited to the following:

5              a.    The damages individual Class members suffered are small
                     compared to the burden and expense of individual prosecution of
6                    the complex and extensive litigation needed to address
                     Defendant's conduct.
7
8              b.    Furthermore, it would be virtually impossible for the Class
                     members individually to redress effectively the wrongs done to
9                    them. Even if Class members themselves could afford such
                     individual litigation, the court system could not. Individualized
10                   litigation would unnecessarily increase the delay and expense to
                     all parties and to the court system and presents a potential for
11                   inconsistent or contradictory rulings and judgments. By contrast,
                     the class action device presents far fewer management
12                   difficulties, allows the hearing of claims which might otherwise
                     go unaddressed because of the relative expense of bringing
13                   individual lawsuits, and provides the benefits of single
                     adjudication, economies of scale, and comprehensive
14                   supervision by a single court.

15             c.    The prosecution of separate actions by the individual members
                     of the Class would create a risk of inconsistent or varying
16                   adjudications with respect to individual Class members, which
                     would establish incompatible standards of conduct for
17                   Defendant.

18             d.    The prosecution of separate actions by individual Class members
                     would create a risk of adjudications with respect to them that
19                   would, as a practical matter, be dispositive of the interests of
                     other Class members not parties to the adjudications or that
20                   would substantially impair or impede their ability to protect their
                     interests.

21        55. _Notice_. Plaintiff Greenley and his counsel anticipate that notice to the

22   proposed Class will be effectuated through recognized, Court-approved notice

23   dissemination methods, which may include United States mail, electronic mail,

24   Internet postings, and/or published notice.

25

26

27

28
                                         11                    Case No. 19cv0421

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**Violation of Article I, Section 1, of the California Constitution**

**On Behalf of the Class**

56.     Plaintiffs repeat each and every allegation contained in the paragraphs above and incorporate such allegations by reference herein.

57.     Plaintiffs bring this cause of action for violation of article I, section 1, of the California Constitution. Plaintiff Greenley brings this cause of action on behalf of the Class.

58.     Article I, section 1, of the California Constitution states:

All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy.

CAL. CONST. art. I, § 1.

59.     The right of privacy set forth in article I, section 1, of the California Constitution prevents business interests from stockpiling unnecessary information about California citizens.

60.     An "informational privacy" interest is an interest in precluding the dissemination or misuse of sensitive and confidential information.

61.     Informational privacy is a core value furthered by the right of privacy set forth in article I, section 1, of the California Constitution.

62.     The Class members have a legally protected informational privacy interest in the Private Data (including personal, confidential, and sensitive information) that the Rental Technology collected and stored when the Class members paired their Devices with the Rental Technology.

63.     The Class members reasonably expected that their Private Data (including personal, confidential, and sensitive information) would be kept private

12                              Case No. 19cv0421
THIRD AMENDED CLASS ACTION COMPLAINT

after they had returned their rental vehicles to Defendant.

64.     In engaging in the conduct set forth herein, Defendant has committed a serious invasion of the Class members' privacy interests, including their informational privacy interests. Defendant's conduct at issue, including but not limited to its failure to delete the Class members' Private Data from the Rental Technology upon their return of the rental vehicles to Defendant at the conclusion of the rental period, constitutes an egregious breach of the social norms underlying the Class members' right to privacy.

65.     Defendant's Rental Technology gathered the Class members' sensitive Private Data, and privacy safeguards for that Private Data are feasible, but Defendant's implementation of those safeguards is slipshod or nonexistent. Defendant has not implemented a policy of deleting consumers' Private Data from the Rental Technology upon the return of their rental vehicles to Defendant at the conclusion of the rental period, even though it easily could do so and it already has in place policies and procedures providing for routine maintenance (e.g., refueling, vacuuming, and washing) upon a consumer's return of a short-term rental vehicle at the conclusion of the rental term.

66.     Furthermore, Defendant's business objectives can be readily accomplished by alternative means having little or no impact on privacy interests. Since Defendant routinely maintains rental vehicles (e.g., refueling, vacuuming, and washing), additionally deleting consumers' Private Data by means of a factory reset during routine maintenance would impose little or negligible cost on Defendant.

67.     By the acts, transactions, and courses of conduct alleged herein, Defendant has violated the Class members' inalienable right to privacy.

68.     As a consequence, the Class members were personally injured and suffered emotional distress damages. Furthermore, Defendant has been unjustly enriched, in part because it would be against equity and good conscience to allow

13                         Case No. 19cv0421
THIRD AMENDED CLASS ACTION COMPLAINT

Defendant to retain the monies it obtained from the Class members in connection with its violation of their privacy rights as described herein.

69.     Plaintiffs seek injunctive relief, damages (including but not limited to consequential damages and out-of-pocket costs of identity theft insurance and credit monitoring), equitable monetary relief, and reasonable attorney's fees and costs.

70.     Therefore, Plaintiffs pray for relief as set forth below.

### SECOND CAUSE OF ACTION

**Violation of California's Rental Passenger Vehicle Transactions Law,**

**CAL. CIV. CODE § 1939.01 *et seq.***

**On Behalf of the Class**

71.     Plaintiffs repeat each and every allegation contained in the paragraphs above and incorporate such allegations by reference herein.

72.     Plaintiffs bring this cause of action for violation of California's Rental Passenger Vehicle Transactions Law, CAL. CIV. CODE § 1939.01 *et seq.* Plaintiff Greenley brings this cause of action on behalf of the Class.

73.     Under the Rental Passenger Vehicle Transactions Law, "electronic surveillance technology" means:

> a technological method or system used to observe, monitor, or collect information, including telematics, Global Positioning System (GPS), wireless technology, or location-based technologies. "Electronic surveillance technology" does not include event data recorders (EDR), sensing and diagnostic modules (SDM), or other systems that are used either:
>
> (1) For the purpose of identifying, diagnosing, or monitoring functions related to the potential need to repair, service, or perform maintenance on the rental vehicle.
>
> (2) As part of the vehicle's airbag sensing and diagnostic system in order to capture safety systems-related data for retrieval after a crash has occurred or in the event that the collision sensors are activated to prepare the decisionmaking computer to make the determination to deploy or not to deploy the airbag.

CAL. CIV. CODE § 1939.01(h).

74.    The Rental Technology, as described above, is electronic surveillance technology under the Rental Passenger Vehicle Transactions Law because it is a technological method or system used to observe, monitor, or collect information, including but not limited to GPS.

75.    Pursuant to the Rental Passenger Vehicle Transactions Law:

A rental company shall not use, access, or obtain any information relating to the renter's use of the rental vehicle that was obtained using electronic surveillance technology, except in the following circumstances:

(1)(A) When the equipment is used by the rental company only for the purpose of locating a stolen, abandoned, or missing rental vehicle after one of the following:

(i) The renter or law enforcement has informed the rental company that the vehicle is missing or has been stolen or abandoned . . . [and in certain other identified circumstances] . . . [or]

(2) In response to a specific request from law enforcement pursuant to a subpoena or search warrant.

CAL. CIV. CODE § 1939.23.

76.    As detailed above, in violation of section 1939.23 of the Rental Passenger Vehicle Transactions Law, Defendant has obtained information relating to the Class members' use of its rental vehicles (i.e., Private Data) that was obtained using electronic surveillance technology (i.e., the Rental Technology).

77.    Pursuant to section 1939.29 of the Rental Passenger Vehicle Transactions Law, "[a] waiver of any of the provisions of [the Rental Passenger Vehicle Transactions Law], except for Sections 1939.21, 1939.35, and 1939.37, shall be void and unenforceable as contrary to public policy." CAL. CIV. CODE § 1939.29.

78.    Pursuant to section 1939.29, any terms and conditions or other provisions under which Defendant could be said to have attempted to waive section 1939.23 are void and unenforceable as contrary to public policy.

79.   As a consequence of Defendant's violation of section 1939.23, the Class members were personally injured and suffered emotional distress damages. Furthermore, Defendant has been unjustly enriched, in part because it would be against equity and good conscience to allow Defendant to retain the monies it obtained from the Class members in connection with its violation of section 1939.23 as described herein.

80.   Pursuant to section 1939.25 of the Rental Passenger Vehicle Transactions Law:

> A renter may bring an action against a rental company for the recovery of damages and appropriate equitable relief for a violation of this chapter, except for Sections 1939.21, 1939.35, and 1939.37. The prevailing party shall be entitled to recover reasonable attorney's fees and costs.

CAL. CIV. CODE § 1939.25.

81.   Plaintiffs bring this cause of action pursuant to 1939.25, seeking injunctive relief, damages (including but not limited to consequential damages and out-of-pocket costs of identity theft insurance and credit monitoring), equitable monetary relief, and reasonable attorney's fees and costs.

82.   Therefore, Plaintiffs pray for relief as set forth below.

### THIRD CAUSE OF ACTION

**Violation of California's Unfair Competition Law**

**CAL. BUS. & PROF. CODE § 17200 *et seq.***

**Unlawful and Unfair Prongs**

**On Behalf of the Class**

83.   Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

84.   Plaintiff brings this cause of action on behalf of the Class for violation of the "unlawful" and "unfair" prongs of California's Unfair Competition Law, CAL.

16                              Case No. 19cv0421
THIRD AMENDED CLASS ACTION COMPLAINT

BUS. & PROF. CODE § 17200 *et seq.* ("UCL").

85.   Under the UCL, "unfair competition" means and includes "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by [California's False Advertising Law, CAL. BUS. & PROF CODE § 17500 *et seq.*]." CAL. BUS. & PROF. CODE § 17200.

86.   By engaging in the acts and practices described herein, Defendant committed one or more acts of "unfair competition" as the UCL defines the term.

87.   Defendant committed, and continues to commit, "unlawful" business acts or practices by, among other things, violating article I, section 1, of the California Constitution and California's Rental Passenger Vehicle Transactions Law, as described above. Consequently, Defendant has violated, and continues to violate, the "unlawful" prong of the UCL.

88.   Defendant committed, and continues to commit, "unfair" business acts or practices by, among other things:

       a.   engaging in conduct for which the utility of the conduct, if any, is outweighed by the gravity of the consequences to Plaintiff and the members of the Class;

       b.   engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff and the members of the Class; and

       c.   engaging in conduct that undermines or violates the spirit or intent of the consumer protection laws that this Third Amended Class Action Complaint invokes.

89.   Furthermore, a competing rental car company (Thrifty) has recently put into place more responsible policies and procedures, which shows it is feasible for Defendant to do so. *Renting a car this holiday season? You may leave more than your phone charger behind*, PRIVACYINTERNATIONAL.ORG (July 31, 2018),

17                                    Case No. 19cv0421

THIRD AMENDED CLASS ACTION COMPLAINT

http://bit.ly/2x4wYGl; *see also* Letter from Privacy International to rental car companies (July 26, 2018), *available at* http://bit.ly/2KZ6jmH.

90.    Because Defendant has continued to fail to institute responsible data practices, even though at least one competitor (Thrifty) has done so, Defendant has an "unfair competitive advantage" in the marketplace (by charging rental rates consistent with competitors while refusing to invest in appropriate policies, procedures, and practices regarding private consumer data).

91.    For all of the foregoing reasons, Defendant has violated, and continues to violate, the "unfair" prong of the UCL.

92.    Defendant's conduct caused Plaintiff and the members of the Class to suffer injury in fact and to lose money or property.

93.    In accordance with California Business and Professions Code section 17203, Plaintiff seeks an order enjoining Defendant from continuing to conduct business through unlawful and/or unfair acts and practices and to, among other actions, alert consumers to the risk to their personal data uploaded to the Defendant's infotainment systems and to remove said personal data from rental cars immediately upon their return to Defendant.

94.    Plaintiff also seeks an order for the disgorgement and restitution from Defendant of all monies that Plaintiff and the Class members paid to Defendant.

95.    Plaintiff also seeks an order requiring Defendant to pay for credit monitoring services and identify theft insurance. According to Defendant's Notice of Removal, "the cost of providing each class member four years of credit monitoring protection [is] an estimated $15.95/month/person." Def.'s Notice of Removal at ¶ 16, ECF No. 1.

96.    The relief Plaintiff seeks through this cause of action includes public injunctive relief as discussed by the California Supreme Court in *McGill v. Citibank, N.A.*, 393 P.3d 85 (Cal. 2017).

18                          Case No. 19cv0421
T HIRD A MENDED C LASS A CTION C OMPLAINT

97. There are approximately 6.5 million California residents identified by Defendant for purposes of this proposed class action.[2] And there are more than 6 million California residents or renters identified by Hertz Global Holdings, Inc., in a similar proposed class action against that company.[3] And another approximately 13.5 million California residents or renters identified in a similar proposed class action against Enterprise Holdings, Inc. (including Enterprise Rent-A-Car, National Car Rental, and Alamo Rent A Car).[4] And another approximately 500,000 California residents or renters in a similar case against Sixt Rent a Car, LLC.[5] Together, these four cases seek injunctive relief on behalf of more than 25 million California residents or renters, which almost equals the entire eligible driving population of the State of California.[6]

98. Therefore, Plaintiff prays for relief as set forth below.

82.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the members of the Class, respectfully request the Court to enter an Order:

A. certifying the proposed Class under section 382 of the California Code of Civil Procedure, as set forth above;

---

[2] Def.'s Notice of Removal at 5, ECF No. 1

[3] Defendant Hertz Global Holdings. Inc.'s Notice of Removal of Civil Action to the United States District Court at 6, *Mitton v. Hertz Global Holdings, Inc.*, No. 2:19-cv-01312-FMO-JEM (C.D. Cal. Feb. 21, 2019), ECF No. 1.

[4] Defendant Enterprise Holdings, Inc.'s Notice of Removal of Action to Federal Court at 4–5, *Kramer v. Enterprise Holdings, Inc.*, No. 3:19-cv-00979-VC (N.D. Cal. Feb. 21, 2019), ECF No. 1.

[5] Notice of Removal of Civil Action from the Superior Court of the State of California for the County of Los Angeles at 4, *Ayala v. Sixt Rent A Car*, No. 2:19-cv-01514-FMO-MRW (C.D. Cal. Mar. 1, 2019), ECF No. 1.

[6] There are approximately 27 million eligible drivers in California. https://www.dmv.ca.gov/portal/wcm/connect/5aa16cd3-39a5-402f-9453-0d353706cc9a/official.pdf?MOD=AJPERES (last visited June 27, 2019).

B.    declaring that Defendant is financially responsible for notifying the

Class members of the pendency of this suit;

C.    declaring that Defendant has committed the violations of law alleged

herein;

D.    providing for any and all injunctive relief the Court deems appropriate,

*including public injunctive relief as discussed by the California Supreme Court in*

*McGill v. Citibank, N.A.*, 393 P.3d 85 (Cal. 2017);

E.    awarding monetary damages, including but not limited to any

compensatory, incidental, or consequential damages in an amount that the Court or

jury will determine, in accordance with applicable law;

F.    providing for any and all equitable monetary relief the Court deems

appropriate;

G.    awarding Plaintiffs reasonable costs and expenses of suit, including

attorneys' fees;

H.    awarding pre- and post-judgment interest to the extent the law allows;

and

I.    providing such further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.


Date: _____, 2019            Respectfully submitted,

**REESE LLP**

By: _____
Michael R. Reese (State Bar No. 206773)
*mreese@reesellp.com*
George V. Granade (State Bar No.
316050)
*ggranade@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York  10025
Telephone: (212) 643-0500

20                    Case No. 19cv0421

THIRD AMENDED CLASS ACTION COMPLAINT

Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Justified
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Space After:  9 pt
Formatted: Font: 14 pt

Facsimile: (212) 253-4272

**RICE REUTHER SULLIVAN & CARROLL, LLP**

~~David A. Carroll (*pro hac vice* forthcoming)~~

*~~dcarroll@rrsc-law.com~~*

Anthony J. DiRaimondo (<u>admitted</u> *pro hac vice* ~~forthcoming~~)

*adiraimondo@rrsc-law.com*

~~Robert E. Opdyke (*pro hac vice* forthcoming)~~

*~~ropdyke@rrsc-law.com~~*

3800 Howard Hughes Parkway, Suite 1200

Las Vegas, Nevada 89169

Telephone: (702) 732-9099

Facsimile: (702) 732-7110

*Counsel for Plaintiff*
*David Kent Greenley*
*and the Proposed Class*

21                    Case No. 19cv0421

THIRD AMENDED CLASS ACTION COMPLAINT

Formatted: Font: 14 pt

Formatted: Indent: Left: 0"

Formatted: Indent: Left: 0"

Formatted: Font: 14 pt

Formatted: Justified

Formatted: Font: 14 pt

Formatted: Font: 14 pt

Formatted: Space After: 9 pt

Formatted: Font: 14 pt