UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KENT GREENLEY, *individually and on behalf of all others similar situated*,<br><br>Plaintiff,<br><br>v.<br><br>AVIS BUDGET GROUP.INC., *a Delaware and New Jersey corporation*<br><br>Defendant. | Case No.: 19-cv-00421-GPC-NLS<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>**[ECF No. 24]** |

Plaintiff David Kent Greenley ("Plaintiff") has moved for leave to amend his second amended complaint against Defendant Avis Budget Group, Inc. ("Defendant" or "Avis"). ECF No. 24. On August 5, 2019, Avis filed a response in opposition the motion. ECF No. 33. Subsequently, Greenley filed a reply in support of the motion to for leave on August 18, 2019. ECF No. 36. Upon review of the moving papers, the Court finds that good cause exists to permit the filing of a Third Amended Class Action Complaint ("TACC")

1

## I. Background

On December 31, 2018, Plaintiff filed his original Class Action Complaint in the California Superior Court for the County of San Diego. ECF No. 1, Notice of Removal at 2. On January 24, 2019, an Amended Class Action Complaint was filed pursuant to California Code of Civil Procedure 47(a) to add Plaintiff Greenley and to remove certain allegations related to former plaintiff Steve Kramer. *See id.*

On March 4, 2019, Defendant removed this action to federal court. Shortly afterwards, pursuant to the consent of the parties with the permission of the Court, Plaintiff filed the Second Amended Class Action Complaint on April 8, 2019. ECF No. 14. Defendants responded with a motion to compel arbitration and dismiss or to stay proceedings on April 10, 2019. ECF No. 15. Plaintiff subsequently filed an opposition to this motion on June 10, 2019, ECF No. 19, and the Defendant replied on July 1, 2019. ECF No. 22.

On July 3, 2019, Greenley filed this instant motion for leave to amend his Second Amended Class Action Complaint. Plaintiff's motion is premised a recent decision issued in *Kramer v. Enterprise Holdings, Inc.* ("Enterprise"), where the Northern District of California granted a motion to compel arbitration in an action involving rental car privacy issues that, on the merits, appear similar to the issues in this case. *Kramer v. Enterprise Holdings, Inc.*, No. 3:19-cv-00979-VC (N.D. Cal. June 11, 2019), ECF No. 30. In this case, Greenley asserts that the addition of an explicit claim for public injunctive relief would be responsive to Avis' suggestions in its motion to compel arbitration that Plaintiff only seeks private relief, that the a UCL claim would be necessary for Plaintiff to seek public injunctive relief, and that Plaintiff's proposed class is limited.

Plaintiff now proposes to amend his Third Amended Class Action Complaint to: (1) add a new Third Cause of Action for violation of the "unlawful" and "unfair" prongs

of California's Unfair Competition Law; (2) explicitly seek public injunctive relief to the extent that the assertion is required under the recent *Enterprise* decision; and (3) extend the class the class period by a year, to begin on December 31, 2014, four years prior to the filing of the original pleading, in accordance with the UCL's four year statute of limitations.

## II.  Legal Standard

Rule 15(a) of the Federal Rules of Civil Procedure states that, after the initial period for amendments as of right, pleadings may only be amended by leave of court, which "[t]he court shall freely give when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts commonly use four factors to determine the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. *Ditto v. McCurdy*, 510 F.3d 1070, 1078-79 (9th Cir. 2007); *Loehr v. Ventura Cnty. Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). "When weighing these factors . . . all inferences should be made in favor of granting the motion to amend." *Hofstetter v. Chase Home Fin., LLC*, 751 F. Supp. 2d 1116, 1122 (N.D. Cal 2010) (citing *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)). In accordance with the Federal Rules' liberal pleading standards, courts typically apply the policy of free amendment with much liberality. *DCD Programs, Ltd. V. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987), *citing United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

## III.  Discussion

Plaintiff argues that this Court should grant its motion for leave to file an amended complaint because such motions are granted liberally – and because the amended Complaint would more clearly assert a new cause of action as well as a plausible defense against the compulsion of arbitration. Defendant counters that Plaintiff's motion should be denied on account of bad faith, undue delay, and futility. Specifically, Defendant

3

contends that Plaintiff's amendment would be made in bad faith – solely in an attempt to plead around a binding contract containing an arbitration provision. In addition, Defendant argues that Plaintiff has caused undue delay by filing two other amended complaints in the six months prior to seeking leave for this amendment. And finally, Defendant proffers that the proposed amendments are futile both because Plaintiff does not have standing to assert them and because the claims would still be subject to arbitration. As such, Avis submits that Plaintiff should not be allowed to file a third amended complaint. The Court will address these arguments in turn.

### a. Bad Faith and Undue Delay

The Ninth Circuit has previously found that bad faith exists where the moving party intends to harass the non-moving party or otherwise disrupt litigation. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006). In other words, a party acts in bad faith where, for example, "the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories," *See Griggs v. Pace AM. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999) (citations omitted), or when plaintiffs attempt to use the amendment to change the warrantlessly change the nature or venue of the case, *see Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987). Courts may also consider the factor of undue delay. However, undue delay, by itself, is insufficient to justify denying a motion to amend. *See DCD Programs, Ltd. V. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

Defendant postulates that Plaintiff's sole purpose in filing an amended complaint before this Court is to "attempt to plead around a binding contract containing an arbitration agreement." ECF No. 33 at 2. Moreover, Defendant asserts that Plaintiff delayed this motion for six months – through the filing of two other amended complaints – before seeking to amend this complaint to bring a claim based on facts that were "indisputably available at the time the original complaint was filed." *Id.*

4

The Court finds no basis to conclude that a bad faith motive or undue delay underlie Plaintiff's request to amend. It appears that Plaintiff aims to amend the complaint to add an additional cause of action – a UCL claim – and make explicit his desire to seek public injunctive relief. Plaintiff seeks to do so in response to a recent *Enterprise* order granting a motion to compel in a similar case in the Northern District of California, which was issued on June 11, 2019. Plaintiff's motion to amend was filed on July 3, 2019 – just days after Avis brought *Enterprise* to this Court's decision when it filed its Reply brief on July 1, 2019. ECF No. 22. To the extent that Plaintiff seeks to amend his Complaint to best preserve his rights in light of recent precedent, the Court finds that the proposed TACC is being offered for valid purposes and does not cause undue delay.

### b. Prejudice

Because Avis does not argue that it would suffer undue prejudice as a result of Plaintiff's amendment – and because the litigation is still in the nascent pleading stages – the Court finds that there is no showing of prejudice.

### c. Futility

While Courts can freely grant leave to amend under Rule 15, the Court may also deny leave for futility on a discretionary basis when a proposed amendment lacks a cognizable legal basis. *See Shermoen v. United States*, 982 F.2d 1312, 1319 (9th Cir. 1992). Amendments can be considered futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 849 F.3d 646, 656 (9th Cir. 2017) (internal quotation omitted). Examples of futile amendments include those that are "duplicative of existing claims" or "patently frivolous." *Murray v. Schriro*, 745 F.3d 984, 1015 (9th Cir. 2014) (alteration omitted).

Denial of leave to amend for futility is rare since Courts typically defer consideration on the merits until after an amended pleading has been filed. *See, e.g., Green Valley Corp. v. Caldo Oil Co.*, No. 09-CV-04028-LHK, 2011 WL 1465883, at *6 (N.D. Cal. Apr. 18, 2011) (pointing that there is a "general preference against denying a motion for leave to amend based on futility); *Allen v. Bayshore Mall*, 12-cv-02368-JST, 2013 WL 6441504, at *5 (N.D. Cal. Dec. 9, 2013) ("The merits or facts of a controversy are not properly decided in a motion for leave to amend and should instead be attacked by a motion to dismiss for failure to state a claim or for summary judgment."). Courts have liberally construed the standard for leave to amend on the basis that parties' arguments are better developed through a motion to dismiss or a motion to compel. And when the parties' arguments are more completely formed, Courts are better able to rule on the sufficiency of the allegations presented. This Court surmises that denial of leave to amend is even more remarkable and aberrant when Plaintiff has never before sought leave from the Court to amend his Complaint.

Defendant proffers that leave to amend should be denied on futility grounds because Plaintiff's amended claims would still be subject to arbitration. Although Avis agrees that Plaintiff must necessarily pursue a UCL claim in order to seek public injunctive relief, Avis argues that Plaintiff cannot do so here because he lacks standing. Specifically, Avis avers that Plaintiff cannot demonstrate that he suffered an injury in fact as a result of the alleged unfair practices by Defendant. According to Defendant, this injury requirement requires "a personal, individualized loss of money or property in any nontrivial amount." *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 325 (2011). Avis argues that the proposed TACC offers no facts to support any lost money or property, and as a result, Plaintiff's UCL claim must fail.

Regardless of Plaintiff's amendments, Avis also argues that Plaintiff is still bound to the arbitration agreement in the parties' agreement. Specifically, Avis looks to the

6

19-cv-00421-GPC-NLS

Ninth Circuit's decision in *Blair v. Rent-a-Center, Inc.*, 928 F.3d 819, 829 (9th Cir. 2019) where the court held that "arbitration of a public injunction does not interfere with the bilateral nature of a typical consumer agreement." Avis submits that the arbitration clause at issue here similarly requires bilateral arbitration and does not prohibit public injunctive relief. As such, Avis proposes that the TACC does not change that arbitration is the appropriate venue for this dispute.

Whether Plaintiff's proposed UCL claim and request for public injunctive relief belongs in arbitration requires analysis that is more appropriately conducted upon a motion to compel. The recent decisions in *Blair* and *Enterprise* support the inference that this Court must undergo an in-depth examination of the merits of Plaintiff's amended claims. Such analysis would require the Court to consider whether the arbitration provision invalidated in *Blair* is identical to Avis's arbitration clause – or whether the *Enterprise* decision is applicable to the facts here. In addition, the Court must determine the merits of Plaintiff's UCL claim and if public injunctive relief would be available under Plaintiff's causes of action here. These substantive and procedural arguments are better attacked by opposition motions after the filing of an amended complaint. Dismissal of these claims at this juncture in the context of Plaintiff's request to amend – prior to full briefing – would be premature. And given that Plaintiff's amendments are made in good faith – and would not cause undue delay prejudice – the Court finds that Defendants' futility arguments alone are premature and insufficient to deny leave to amend.

//
//
//
//
//

7

## IV. Conclusion

For the forgoing reasons, Plaintiff's motion for leave to file a Third Amended Class Action Complaint, ECF No. 24, is **GRANTED**. Defendant's motion to compel, ECF No. 15, is **DENIED AS MOOT.** The hearings set for September 20, 2019 shall be **vacated**.

Accordingly, Plaintiff must file his amended complaint in the above-entitled action within 20 days from the entry of this order.

**IT IS SO ORDERED.**

Dated: September 16, 2019

Hon. Gonzalo P. Curiel
United States District Judge